## THE STATE OF IOWA v. EMERSON *et al.*

1. JURISDICTION: BONDS. The District Court has jurisdiction in actions on appearance bonds taken by justices of the peace acting as examining magistrates.

2. STATUTE CONSTRUED. Section 4993 of the Revision of 1860 construed and explained.

*Appeal from Dubuque District Court.*

TUESDAY, APRIL 26.

THIS is an action brought upon a bond given by the defendants to the plaintiff, for the appearance of one John Shannon, before Adolph Mauk, Esq., a Justice of the Peace, acting as a magistrate, to answer an information for the crime of an assault with intent to murder, the examination having been continued to the day fixed for his appearance, on motion of the accused. The petition is in the usual form, and contains all the necessary averments. The defendants filed their answer with three counts: 1. A general denial; 2. That the accused did not sign the bond, and the names of the defendants were inserted in the bond after it was signed; and 3. That the plaintiff agreed with the accused that he need not appear on the day fixed, but on a subsequent day.

Upon the issues thus joined the parties went to trial; a jury was empanneled and sworn, and the plaintiff had closed the evidence and rested. "Thereupon defendants commenced to adduce their testimony; and after introducing it in part, they suggested the want of jurisdiction in this Court over the subject matter of the action," which suggestion the Court sustained, and dismissed the case. The plaintiff excepted and appeals.

*C. C. Nourse*, Attorney-General, and *G. Wattson*, District Attorney, and *Griffith & Knight* for the appellant.

*Wilson & Mulkern* for the appellee.

COLE, J.—The record is silent as to the ground upon which the suggestion of the want of jurisdiction was based. The magistrate before whom the accused was brought, and who took the bond for his appearance, was a Justice of the Peace for Dubuque county, where the offense was

charged to have been committed; and the defendants reside in that county, and were served with notice therein. The District Court of that county has, by the Constitution, "jurisdiction in civil and criminal matters arising in" that county. None of these facts are controverted; but it is claimed by the appellee's counsel in this court, that the want of jurisdiction is manifest by the following section of the Revision: "Section 4993. The action on the undertaking must be in the court in which the defendant was, or would have been, required to appear by the undertaking." The only question presented for our adjudication therefore, is, since the bond, or undertaking sued on, in this case, was for the appearance of the defendant before the magistrate, can a suit thereon be maintained in the District Court? We answer, most clearly it can.

The chapter of the Revision in which the foregoing section is found, relates exclusively to the proceedings on forfeiture of the undertaking of bail in the District Court, and this fact alone would justify the restriction of the language used in the section relied upon, to the undertakings of bail for appearance in that court. By section 2800 of the Revision, it is provided that "personal actions must be brought in a county wherein some of the defendants actually reside." As an action on a bond is a "personal action," it would doubtless be necessary to bring suit on an undertaking of bail in the District Court, in the county wherein some of the defendants actually reside, but for the provisions of section 4993, which has provided, that in such cases it may be brought in the county where the defendant was to appear, whereby all the proceedings in the particular case would be in the same court.

Again, by § 4439, "any Judge of the Supreme, District, or County Courts, and Judge of any City Court, any Justice of the Peace, any Mayor of any incorporated city, or town, any police or other special justice in such city, or town, is

authorized to receive complaints and preliminary informations, to issue warrants, order arrests, require security to keep the peace, make commitments, and take bail in the manner directed by this Code. They are designated under the general term, magistrate." It may well be doubted whether the Justice of the Peace who took the bond for appearance in this case, was, at the time, acting as a Court when he was acting as a magistrate, which officer he was *ex officio*; or he, or any of the officers named in that section, possess the power or authority while acting as magistrates, to render a judgment of any kind as a Court; or whether they may simply do the acts and make the order specified, and exercise the powers necessarily incident thereto, and none other. A judgment for costs, even in such case, either against the defendant or the prosecuting witness, would be, doubtless, wholly void. The bond for appearance in this case then, did not require the accused to appear in any court, and no action could, under any circumstances be brought on it before the tribunal where he was required to appear.

It follows, then, if the construction claimed by appellee is correct, that the statute has provided for the taking of bonds, which experience has shown to be more numerous than all others, and has, at the same time, by express enactment, prohibited the bringing of an action for their enforcement, or any recovery thereon. Such a construction is alike repugnant to sound reason and to the well settled rule, that in construing a doubtful statute, and for the purpose of arriving at the legislative intent, all acts on the same subject matter are to be taken together, and examined, in order to arrive at the true result; or as Lord MANSFIELD expressed the rule, "all acts in *pari materia* are to be taken together, as if they were one law;" and "where there are different statutes in *pari materia*, though made at different times, or even expired and not referring to each other, they

shall be taken and construed together as one system and as explanatory of each other."

Taking the sections of the Revision of 1860 already cited, together with §§ 4540, 4541, 4569, 4570–4580, 4598, 4963–5002 and others, it is apparent, beyond controversy, that the legislative intent was to provide not only for the taking of bail bonds but for their enforcement in the courts having jurisdiction of the persons and of the amounts in controversy, and the express direction as to the courts in which certain bail bonds shall be sued, cannot be construed to operate so as to defeat the general jurisdiction otherwise conferred.

                                                    Judgment reversed.